[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SET ASIDE, THE VERDICTAND PLAINTIFF'S MOTION FOR INTEREST PURSUANT TO GENERAL STATUTES§ 52-192a
I. Defendant Jason Szostek has moved to set aside the verdict for two reasons:
First, he claims that on May 8, 1995 (more than a month after the jury returned its verdict) his counsel received a telephone message from a Juror who indicated that she did not agree with the verdict. According to counsel, the Juror stated that she believed that the Plaintiff was entitled to an award, but that the final amount, $335,412.66, was "an outrageous amount of money." The court does not believe the verdict should be set aside for that reason. First, there has been no allegation of juror misconduct. Further, the jurors were asked twice if their verdict was unanimous. They indicated that it was. It clearly appeared to the court that the jurors all agreed that the verdict was unanimous. Furthermore, the juror who now claims she disagreed with the verdict, failed to so indicate such disagreement to the court when she at least twice had the opportunity to do so. Finally, the defendant's attorney could have asked that the jury be polled, but failed to do so.
Second, the defendant seeks to set aside the verdict, claiming that the non-economic damages portion of the verdict was excessive. In the alternative he seeks a remittitur. After hearing the evidence, the court does not believe the verdict was excessive. While it was a high award, it was not so high as to shock the court's sense of justice. The evidence showed that as a result of defendant's negligence, the plaintiff suffered a fracture/dislocation of the tarsal metatarsal joint of her right foot, necessitating two surgical procedures. She suffered a lengthy convalescence, and her injury has resulted in a permanent partial disability of 40% of her foot and ankle for the remainder of her life.
II. Pursuant to General Statutes § 52-192a(b) plaintiff has moved the court to award her interest in the amount of $114,348.88 as a result of defendant's failure to accept the plaintiff's offer of judgment dated October 28, 1993. General CT Page 6706 Statutes § 52-192a provides in pertinent part as follows:
"(b) After trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount. . . . In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint."
The complaint was filed on July 6, 1992, and the offer of judgment was filed on November 1, 1993, less than eighteen months later. Inasmuch as the offer of judgment was for $245,000, which amount is less than the jury verdict, the plaintiff is entitled to 12% interest from July 6, 1992.
Accordingly, judgment may enter for the plaintiff as follows:
 Jury Verdict $335,412.66 Interest (CGS § 52-192a) 114,348.88 ----------- Judgment $449,761.54
 Plus costs in accordance with Bill of Costs dated 4/4/95 3,032.12 ----------- Total $452,793.66
Frances Allen State Judge Referee